**SO ORDERED.**

**SIGNED this 20 day of January, 2015.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION**

**IN RE:**

**GREGORY E. SMITH,**                              **CHAPTER 13**
                                                  **CASE NO. 14-01457-5-RDD**
      **DEBTOR.**

**ORDER DISMISSING CASE**

Pending before the Court is the Motion to Dismiss for failure to be current with 2011 and 2012 tax returns filed by the Chapter 13 Trustee on October 24, 2014, the Amended Motion to Dismiss for failure to be current with 2011 and 2012 tax returns and failure to make plan payments filed by the Chapter 13 Trustee on December 9, 2014, and the Response filed by Gregory E. Smith (the "Debtor") on October 27, 2014. The Court conducted a hearing on January 15, 2015, in Greenville, North Carolina to consider this matter.

The Debtor filed a Chapter 13 petition for relief on March 13, 2014. The Debtor's Plan was confirmed on September 17, 2014 and then amended on September 22, 2014. The Plan provides for payments of $1,175.00 per month for three (3) months and then $1,191.00 per month for fifty-four (54) months.

At the hearing, the Trustee informed the Court that the Debtor was delinquent in making his plan payments in the total amount of $4,793.00, representing four (4) plan payments. The Debtor did not contest the delinquency. In addition, the Debtor has failed to be current with his 2011 and 2012 tax returns. On October 8, 2014, the Internal Revenue Service filed a claim in the amount of $7,464.38 representing taxes or penalties owed pursuant to 11 U.S.C. § 507 for the 2011 and 2012 tax years. Section 1308 of the Bankruptcy Code addresses the debtor's obligation to file tax returns and provides:

> (a) Not later than the day before the date on which the meeting of the creditors is first scheduled to be held under section 341(a), if the debtor was required to file a tax return under applicable nonbankruptcy law, the debtor shall file with appropriate tax authorities all tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the petition.
>
> (b) (1) Subject to paragraph (2), if the tax returns required by subsection (a) have not been filed by the date on which the meeting of creditors is first scheduled to be held under section 341(a), the trustee may hold open that meeting for a reasonable period of time to allow the debtor an additional period of time to file any unfiled returns, but such additional period of time shall not extend beyond—
>
> (A) for any return that is past due as of the date of the filing of the petition, the date that is 120 days after the date of that meeting; or
>
> (B) for any return that is not past due as of the date of the filing of the petition, the later of—
>
> (i) the date that is 120 days after the date of that meeting; or
>
> (ii) the date on which the return is due under the last automatic extension of time for filing that return to which the debtor is entitled, and for which request is timely made, in accordance with applicable nonbankruptcy law.

11 U.S.C. § 1308.

At the hearing, the Debtor represented that he signed his 2011 and 2012 tax returns the day prior to the January 15, 2015 hearing. The 120 day period provided for in 11 U.S.C. § 1308 expired on August 14, 2014. The Debtor represented that he did not bring a copy of the tax returns with him

to the hearing. Based on the Debtor's failure to timely file his tax returns and the delinquency in plan payments, the case is **DISMISSED**.

**SO ORDERED**.

**END OF DOCUMENT**